Filed 6/30/22  In re S.E. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re S.E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E077787 |
| Plaintiff and Respondent, | (Super.Ct.No. J279436) |
| v. | OPINION |
| S.E., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan K. Stodghill, Judge.  Affirm.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Pursuant to a negotiated plea, defendant and appellant S.E. (minor) admitted as true an allegation in the petition that he committed attempted murder. (Pen. Code,[1] §§ 664, 187.) He also admitted that he personally used and discharged a firearm. (§ 12022.53, subd. (c).) The parties stipulated that minor would be committed to the Department of Juvenile Justice (DJJ). A trial court committed him to DJJ in accordance with the agreement. Minor subsequently petitioned the court to set aside his DJJ commitment and commit him to the Gateway to Arise program instead. The court denied minor's request to change the commitment.

Minor filed a timely notice of appeal. We affirm.

PROCEDURAL BACKGROUND

The San Bernardino County District Attorney filed a Welfare and Institutions Code section 602 petition alleging that minor committed attempted murder (§§ 664, 187, subd. (a), counts 1-3, 12), assault with a firearm (§ 245, subd. (a)(2), counts 4-6), attempted carjacking (§§ 664, 215, subd. (a), count 7), shooting at an occupied vehicle (§ 246, count 8), and attempted robbery (§§ 664, 211, counts 9-11).[2]

On February 26, 2021, pursuant to a plea agreement, minor admitted count 1 (attempted murder) and an added firearm enhancement. (§ 12022.53, subd. (c).) In exchange, the parties agreed that minor would be committed to the DJJ, and the

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] Count 7 was subsequently dismissed at the prosecution's request.

prosecution moved to dismiss the remaining counts and allegations, as well as its petition to transfer the case to adult court. The court found the allegations true and found that minor's admissions were freely, intelligently, and voluntarily made. It also granted the prosecution's motions to dismiss and to withdraw the petition to transfer.

On March 12, 2021, the court declared minor a ward, removed him from his mother's custody, and in accordance with the plea agreement, committed him to the DJJ. He was ordered to remain in juvenile hall pending delivery to the DJJ. On April 23, 2021, minor was accepted by the DJJ, but his delivery was pending.

On June 22, 2021, minor filed a petition to set aside his commitment to the DJJ pursuant to Welfare and Institutions Code section 779. He requested to be committed to the Gateway to Arise (Arise) program instead, asserting that he would "benefit more" from the localized program. The court scheduled a special hearing on the petition. The probation department filed a report recommending that minor be committed to the Arise program and noting that he had not yet been delivered to the DJJ. The prosecution filed an opposition to minor's petition, asserting that Welfare and Institutions Code section 779 only allowed a change in commitment upon a showing of good cause that "the Youth Authority is unable to, or failing to, provide treatment consistent with Section 734," and arguing that minor failed to make such showing. The prosecution also contended that the court had no jurisdiction to "renegotiate the terms of the plea by judicial fiat" and change the negotiated disposition.

The court held a hearing on August 27, 2021, and denied minor's request to set aside his DJJ commitment. Although the court agreed it was in minor's best interest to

3

go to the Arise program, it noted that this was a negotiated plea, and sending minor to the DJJ was a specific term of the agreement. The court stated it was not in a position to change specific agreements or contracts entered into by the parties.

Minor filed a timely notice of appeal.

## DISCUSSION

Minor appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Feggans* (1967) 67 Cal.2d 444, setting forth a statement of the case and no arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We offered minor an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

McKINSTER _____
Acting P. J.

MILLER _____
J.

4